UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION LAROY JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AUTOZONE, INC., et al.,<br><br>　　　　Defendants. | Case No. 16-cv-01060 NC (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner proceeding *pro se*, has filed an amended civil rights complaint, pursuant to 42 U.S.C. § 1983.[1] Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons that follow, the court dismisses the amended complaint for failing to state a claim.

## BACKGROUND

I. <u>Standard of Review</u>

A federal court must engage in a preliminary screening of any case in which a

---

[1] Petitioner has consented to magistrate judge jurisdiction. (Dkt. No. 1 at 4.)

Case No. 16-cv-01060 NC (PR)
ORDER OF DISMISSAL

1

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

II.   Plaintiff's Claims

According to the amended complaint, in December 2009, plaintiff was hired by Autozone, Inc., in Oakland, California, as a part-time driver. As part of his employment, plaintiff was required to sign a non-disclosure agreement acknowledging that Autozone, Inc., employees were prohibited from disclosing or providing confidential personal or business information to anyone outside of Autozone, Inc., who "does not have a business need, authorization, or a court order." Plaintiff's amended complaint names as defendants, Kathryn White and Venus Ochoa, both of whom are employees of Autozone, Inc. Plaintiff asserts that both White and Ochoa conspired with state actors to violate his constitutional

Case No. 16-cv-01060 NC (PR)
ORDER OF DISMISSAL

2

rights.[2]

As an initial matter, although it's unclear, to the extent plaintiff intends to allege a violation of 42 U.S.C. § 1985(3), he fails to do so. 42 U.S.C. § 1985(3) provides a cause of action against state or private conspiracies. *See Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971). The first clause of Section 1985(3) pertains to conspiracy to deny equal protection of the laws on the highway or on the premises of another; the second clause pertains to conspiracy to prevent or hinder state officers from providing equal protection to all persons within the state; and the third clause pertains to conspiracy to interfere with federal elections. *See* 42 U.S.C. § 1985(3). A cause of action under Section 1985(3) requires a showing of some racial or class-based discrimination. *See Kush v. Rutledge*, 460 U.S. 719, 724-26 (1983). Other than race-based classes, it is unclear what classes are protected; the class must be something more than a group of individuals who all want to engage in conduct that the defendant disfavors, and federal courts should exercise restraint in extending Section 1985(3) beyond racial prejudice. *See Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002). Here, even with liberal construction, plaintiff does not set forth any facts leading to a reasonable inference of discrimination, much less a racial or class-based discrimination. Accordingly, to the extent plaintiff alleges that defendants violated Section 1985(3), that claim is dismissed for failure to state a cognizable claim for relief.

---

[2] It can be inferred from plaintiff's amended complaint that plaintiff was criminally charged with an unspecified offense. It is unclear, however, whether he was ultimately convicted of anything.

Case No. 16-cv-01060 NC (PR)
ORDER OF DISMISSAL

3

### A. Ground 1

In Ground 1, plaintiff claims that White and Ochoa conspired with state actors to breach Autozone, Inc.'s non-disclosure agreement. Specifically, plaintiff states that Tracy Police Department detectives requested and received from White and Ochoa surveillance photos of plaintiff from his work site, copies of plaintiff's work schedule, a list of employee names, driver's license numbers of employees, plaintiff's phone number, and plaintiff's emergency contacts' names and phone numbers.

However, conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. *See Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). That is, it does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. *See id.* Here, plaintiff does not allege a constitutional violation in Ground 1. According, Ground 1 is dismissed for failure to state a cognizable claim for relief. Because plaintiff cannot prove a set of facts in support of his claim which would entitle him to relief, the dismissal is without leave to amend. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).

### B. Ground 2

In Ground 2, plaintiff claims that White conspired with state actors to violate the Fourteenth Amendment and the Fourth Amendment. Specifically, plaintiff states that White checked plaintiff's work schedule and updated detectives as to that schedule; White gave detectives plaintiff's phone number, alternate phone number, and emergency contact

Case No. 16-cv-01060 NC (PR)
ORDER OF DISMISSAL

4

information; wrote down plaintiff's license plate number; obtained surveillance footage of plaintiff arriving at work; and forwarded photographs of plaintiff's vehicle and license plate number to detectives.

As an initial matter, to state a claim arising under federal law, it must be clear from the face of the complaint that there is a federal question. *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). Merely referencing a federal statute in a pleading will not necessarily suffice. *See id.* (state law claims which include incidental references to federal statute and U.S. Constitution and seek remedies founded exclusively on state law improperly removed to federal court). Plaintiff's conclusory assertions that White's production of plaintiff's personal information violated his right to due process are insufficient to state a cognizable federal civil rights claim.

However, the Fourteenth Amendment does encompass a right of privacy. *See Roe v. Wade*, 410 U.S. 113, 153 (1973). But the Supreme Court has expressly declined to recognize whether there exists a constitutional right to informational privacy. *See National Aeronautics and Space Admin. v. Nelson*, 562 U.S. 134, 138 (2011) (assuming without deciding that there is a "constitutional privacy interest in avoiding disclosure of personal matters," but not squarely addressing the contours of such a right); *see also id.* at 162 ("there is no constitutional right to informational privacy") (Scalia, J., concurring). Making matters more difficult, the Ninth Circuit appears to have conflicting case law as to the proper confines of the right to informational privacy, assuming there is such a right.

Case No. 16-cv-01060 NC (PR)
ORDER OF DISMISSAL

5

For example, *Seaton v. Mayberg*, 610 F.3d 530, 538 (9th Cir. 2010), states that "[i]t is not entirely clear yet whether the constitutional right [to informational privacy extends only to] matters relating to marriage, procreation, contraception, family relationships, and child rearing and education." On the other hand, *Nelson v. National Aeronautics and Space Admin.*, 530 F.3d 865, 877 (9th Cir. 2008), appears to recognize that the right to information privacy extends beyond "fundamental matters," and covers such issues as sexual activity, medical information, and financial matters.

Plaintiff has failed to state why he believes his work schedule, phone numbers, emergency contact information, license plate number; visible footage of plaintiff arriving at work, and photographs of plaintiff's vehicle, all of which are public information, were confidential. *See generally Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 494-95 (1975) (privacy interest fades when information is in the public record).

While the Ninth Circuit has recognized a "constitutionally protected interest in avoiding disclosure of personal matters including medical information," that interest is conditional, not absolute. *Seaton v. Mayberg*, 610 F.3d 530, 538 (9th Cir. 2010); *see In re Crawford*, 194 F.3d 954, 958-59 (9th Cir. 1999) (recognizing informational privacy as a constitutionally protected interest but one that is not absolute); *Norman-Bloodsaw v. Lawrence Berkely Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998) (stating that "[t]he constitutionally protected privacy interest in avoiding disclosure of personal matters clearly encompasses medical information and its confidentiality," and holding that blood

Case No. 16-cv-01060 NC (PR)
ORDER OF DISMISSAL

and urine tests administered to collect medical information implicated such a right under the Fifth or Fourteenth Amendments). In comparison to *Seaton* and *Norman-Bloodsaw*, plaintiff's allegation that his right to informational privacy was violated when non-confidential information was provided to the police is not included even within the outer confines of a federal right to informational privacy.

To the extent plaintiff is raising a Fourth Amendment violation, it is equally unpersuasive. Because plaintiff's allegations do not suggest that White or any state actor "physically occupied private property for the purpose of obtaining information," the appropriate test to determine whether White violated plaintiff's Fourth Amendment right to privacy is whether plaintiff had a reasonable expectation of privacy in the challenged information. *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1185-86 (9th Cir. 2015) (citing *Katz v. United States*, 389 U.S. 347 (1967)).

In Ground 2, plaintiff argues that White's production of plaintiff's work schedule, phone numbers, emergency contact information, license plate number; visible footage of plaintiff arriving at work, and photographs of plaintiff's vehicle to police violated his Fourth Amendment right to privacy. However, the Supreme Court has held, "a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979) (rejecting notion that there is no reasonable expectation of privacy to phone numbers dialed by petitioner); *see, e.g.*, *United States v. Miller*, 425 U.S. 435, 442-44 (1976) ("This Court has held repeatedly that the

Case No. 16-cv-01060 NC (PR)
ORDER OF DISMISSAL

7

Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed."). In addition, plaintiff's license plate number, observations of plaintiff arriving at work, and photographs of plaintiff's vehicle are such that they are in plain view and thus, they cannot involve any invasion of privacy. *Cf. Illinois v. Andreas*, 463 U.S 865, 771 (1983) ("The plain view doctrine is grounded on the proposition that once police are lawfully in a position to observe an item first-hand, its owner's privacy interest in that item is lost; the owner may retain the incidents of title and possession but not privacy.").

Ground 2 is dismissed for failure to state a claim. Because plaintiff cannot prove a set of facts in support of his claim which would entitle him to relief, the dismissal is without leave to amend. *See Weilburg*, 488 F.3d at 1205.

C.  Ground 3

In Ground 3, plaintiff claims that White conspired with state actors to violate a court order, and to violate his Fourteenth Amendment right to due process. Specifically, plaintiff states that White contacted Detective Tim Bauer about an unspecified "court order," to ask his opinion on "how to proceed." Plaintiff appears to allege that his private investigator issued a subpoena to Kathy Pope, another employee of Autozone, Inc., requesting surveillance photographs of plaintiff at work on specific days, as well as

Case No. 16-cv-01060 NC (PR)
ORDER OF DISMISSAL

8

Autozone, Inc.'s policy on privacy. For reasons unknown, White asked Detective Bauer to look into this subpoena or court order. Prior to plaintiff's court date, the private investigator still had not received the items requested. Because of this, plaintiff asserts that White conspired to violate a court order, and to violate plaintiff's Fourteenth Amendment right to due process.

As previously stated, conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. *See Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). A violation of a court order does not run afoul of the federal constitution. Therefore, conspiracy to violate a court order does not state a cognizable claim for relief.

With respect to plaintiff's allegation that White conspired to violate plaintiff's Fourteenth Amendment right to due process, as previously stated, to state a claim arising under federal law, it must be clear from the face of the complaint that there is a federal question. *See Easton*, 114 F.3d at 982. Merely referencing a federal statute in a pleading will not necessarily suffice. *See id.* (state law claims which include incidental references to federal statute and U.S. Constitution and seek remedies founded exclusively on state law improperly removed to federal court). Plaintiff's conclusory assertion that White's inquiry to Detective Bauer violated his right to due process is insufficient to state a cognizable federal civil rights claim.

Ground 3 is dismissed for failure to state a claim. Because plaintiff cannot prove a set of facts in support of his claim which would entitle him to relief, the dismissal is

Case No. 16-cv-01060 NC (PR)
ORDER OF DISMISSAL

9

without leave to amend.  *See Weilburg*, 488 F.3d at 1205.

D. Ground 4

In Ground 4, plaintiff claims that White obstructed an investigation and violated corporate policy.  Specifically, plaintiff alleges that White intentionally disregarded a court order, which obstructed plaintiff's ability to present an adequate defense.  Even liberally construed, plaintiff does not set forth a federal constitutional violation in Ground 4.  In addition, because plaintiff does not allege that White acted in conspiracy with any state actor in Ground 4, White cannot be liable as a private actor.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (stating that a private individual does not act under color of state law, an essential element of a § 1983 action).  Accordingly, Ground 4 is dismissed for failure to state a cognizable claim for relief.

For the above stated reasons, plaintiff's amended complaint is DISMISSED with prejudice for failure to state a claim.

## CONCLUSION

The amended complaint is DISMISSED with prejudice.  The Clerk shall close the file, terminate all pending motions, and enter judgment.

IT IS SO ORDERED.

DATED:  June 20, 2016

NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 16-cv-01060 NC (PR)
ORDER OF DISMISSAL

10